et al. Appeal number 21-1770. Attorney McClain, please introduce yourself for the record and proceed with your argument. Good afternoon. I'm Ryan McClain. I represent Hunter Harris and Cora Kluett. For appeal from the District Court, we're appealing essentially the two separate topics. One is the vaccination mandate imposed by both of the UMass defendants. The other is a religious exemption denial by Plaintiff Kluett. The first issue with respect to the vaccination mandate applies to both. The second applies specifically to Plaintiff Kluett. Both policies are relatively the same, and so collectively the parties have essentially named the UMass defendants both individually and the named state parties. Counsel, could we start by discussing whether or not your case is still live or whether it's moot? Yes, Your Honor. The case is live as Cora Kluett is still attending. I understand that Kluett is about to graduate this month. Yes, Your Honor. Okay. Oh, okay. Won't her graduation moot the case? It won't because we did actually file a claim under 42 U.S.C. 1983, so if this case... Your complaint seeks only declaratory and injunctive relief. It doesn't seek damages. So what is there to declare or enjoin two weeks from now when Ms. Kluett graduates? Well, I did put in paragraph 87 attorneys fees costs and any other relief that this court deems proper. Well, yes, but that's not enough to sustain a substantive claim, I wouldn't think. Well, I would disagree. I don't know that. All right, that may be, that's legitimate. But all right, so your counter to mootness is that you have a live claim for attorneys fees? A live claim for any sort of monetary damage that a jury may determine. No, no, you don't. You haven't claimed damages in the complaint. I look specifically for a claim for money damages. It's not there. Right, well, then at least attorneys fees. Okay, and what the situation with Mr. Heller? He's left UMass and is enrolled in University of South Carolina? He is enrolled in University of South Carolina. So you've got the same mootness problem as to him, don't you? I believe he still has one year left. But he's at the University of South Carolina. Right, your honor. It's not impossible that he changed schools like he just did. Well, yeah, but not impossible doesn't avoid mootness. Right, and again, is there anything in the record that says that he wants to come back to UMass if he wins this case or anything like that? No, there isn't. You filed an affidavit or any sort of declaration from him? No, your honor. So again, the 1983 claim applied to both. So again, it would be on the fact that you claim attorneys fees in the 1983 claim. Right, as well, no answer has actually been filed in this matter. I, you know, this could easily be amended. It could have been amended, but it hasn't been and you're up here on appeal. Right, but there's still at least a live claim for the attorney's fees. I guess I would disagree saying that any other relief that this court deems proper would still apply to whatever damages they've suffered under 1983. So again, I don't know that Rule 8 requires a specific amount of damages to be listed. It doesn't require a specific amount. But you just have to mention damages, don't you? Yeah, but you haven't got a claim. It does require that you a short and plain statement of a claim. Rule 8 requires that. Right, and I There's no claim for damages. There's no short and plain statement saying, you know, I'm entitled to damages for pain and suffering for this sort of injury, that sort of injury, punitive damages, nothing like that. Right. I, again, I think I might disagree. I mean, the case Disagree with what? Is there a short and plain statement of a claim for punitive damages? For punitives? Yeah. Well, for any kind of damages. Well, certainly any fundamental right that's infringed upon is, for any small period of time, is irreparable harm. So certainly any implication could be made from under Rule 8 that fundamental rights at issue here, there is a claim for damages. Okay, so with respect to the vaccination mandate, I'll begin with the district court essentially found that there was not a fundamental If you wouldn't mind starting with the exemption. Oh, certainly, Your Honor. So with respect to the exemption, Ms. Kluwet had initially filed under the standard form that the University of Michigan had messages Boston used. She was then told to use a different form and provide a statement. She provided a statement to the university. The university then said, well, we're going to, and this is all contained in the joint appendix, but I think it's good to give a factual background. Could you stick just for my purposes, it might help. And I recognize you make an argument that all of the other materials beyond the complaint itself are integrated into the complaint. That came up in the preliminary injunction motion. I understand that argument, but just setting that aside for a second, could you run through the argument just based on what the complaint itself says? Certainly, Your Honor. Essentially what the complaint says, Mr. Deveau, who's an individually named defendant, the one who had the ultimate authority to deny Ms. Kluwet, her exemption essentially stated that he found her to be Roman Catholic and that because leaders in the Roman Catholic Church had stated that they had felt positively about the vaccines and made these public statements, he therefore didn't find a tenant of her religion to be violated by taking the vaccine. This is wholly incorrect as a matter of law, and I've listed the Thompson... There need to be, if you want to make that point, some allegation in the complaint, which I don't see in the complaint, that she was relying on an understanding of religion different from the one he attributed to her. She never says that in the complaint. Well, it's irrelevant. I mean, it's irrelevant. Suppose she says, I am entitled to the exemption because I'm a Roman Catholic and the Catholic bishops say you can't have it. He says, well, I just saw the statement. They say the opposite. That wouldn't show that that was impermissible, would it? That might just be questioning her sincerity. Then she'd be free to come back and say, oh, well, that may be true, but I still have the religious belief and here's what it is. Right. I think specifically, and I pled, she had a sincerely held religious belief that precluded her from taking the mandated vaccine. But it doesn't allege what it is. Right. That's just the legal state. That's just the legal conclusion. You need a plausible allegation that she had such a belief. What is the belief? Certainly. And that was obviously contained within the exhibits that I filed. Again... It's not in the complaint. These specific facts are not, but it's alleged... That's what you'd have one of the allegations of that can't just assert a legal conclusion. So what what are the facts that are plausibly alleged in the complaint that support the contention that you need to make of the elements of the claim? That she did have the sincerely held belief that she communicated it to the school and that the school, instead of deciding the matter as to whether or not she had religious belief, instead decided the matter as to... It doesn't say that. It just says that the allegation is that she has their sincere religious belief that is never described. And then it reports that she's denied on a ground, which you cannot tell from the complaint, is matches up with the actual ground she gave as the sincere religious belief or not. And I just think that isn't that a problem? I mean, you know what the belief of the plaintiff is. You could set that forth in the complaint. It's not there. And it may be a problem. These exhibits were contained in the defendant's motion to dismiss. And so they were inevitably taken into account by the district court, both with purposes of preliminary injunction and for the motion to dismiss. And so they should be incorporated in to that decision. So might it have been if these exhibits and none of that information came forward? Possibly. But I think the fact of the matter is it did. And they were taken into account by the district court, even in making the decision. But now if we take them into account and we look at the whole pattern of the colloquy back and forth, what is the argument for the conclusion that the ground here wasn't just an investigation to the sincerity of the belief as opposed to a conclusion that you don't subscribe to an official religion? Right. And there was a couple of there was a couple of indicators. One, Mr. DeVoe put it in the very back of his affidavit that prior to even reviewing Ms. Kluwet's exemption, he had just been perusing her online activity and included that with his declaration. Isn't that helpful to the school rather than harmful? No, it is not. That would be showing that they're trying to find out whether she has a sincerely held religious belief. Well, to to make the at least as it's implied that she can't have both a political innocence and a religious belief. Why? Where is the indication that she can't have both as opposed to trying to find out what her belief was? What he was doing was taking a political statement, putting it on the record as an implication that she wasn't sincere. And somehow she wasn't sincere. And she had the opportunity to respond to that and identify what the belief was. That seems to be a common, you know, occurring theme. Four minutes remaining. Ms. Kluwet submitted a form. She submitted a personal statement. They then said they wanted to discuss this with her. She said, I'd like to, but because I'd like to have an attorney present. They then promptly denied her. She then sent in a second statement. It was two pages long, detailing with scriptural references her beliefs, according to the Bible. And then they denied her again because of the Catholic Church. So-called leaders of the Catholic Church spoke positively of COVID-19 vaccines. That is totally opposed to the determination of a sincerely held religious belief. And I made this point at the trial level, at the injunction argument. It doesn't matter whether she submitted it. At this point, it's futile. You can just continue to say, just the state actor continuing to say, submit more, submit more, submit more. We'd still be here. I think any review of those exhibits and record would establish that it was more of a pantomime and a complete denial based on the fact that he said religious leaders in the Catholic Church had stated, well, they seem to be positive on the vaccine. Therefore, there's no tenant that I can see, despite the fact that she submitted a personal statement to them that was submitted on the record by the defendants. So I think lastly, I do want to make, I don't have much time. I do want to make the distinction here. The court, I did put in my briefs the fundamental right to refuse medical treatment. I really want to just harp on the Roman Catholic Diocese case where Justice Gorsuch clearly explained the Jacobson application to that, where because the infringement upon Mr. Jacobson's autonomy rights were both avoidable and the imposition was modest, the Jacobson application that statute had issued survived both strict scrutiny and rational basis. We don't have that here. We have a school who unilaterally made the decision to implement a vaccine. How is it avoidable in Jacobson? He could have paid $5. And he would have a criminal fine imposed. That's not avoidable. No, he could simply pay $5 or if he was a minor. He couldn't do it without having a criminal citation. No, the statute stated that he could either pay $5 or. It was a criminal fine. $5, wasn't it? No, it was punishable by, it was a criminal fine if he didn't pay or if he didn't get vaccinated. But within the statute, he could pay $5. If he didn't get vaccinated, he has to get the $5 like he's going to a movie. It's a criminal violation. I don't know that it was a criminal violation, Your Honor. Okay. So again, and even then, the court found it to be modest. I made this point in the briefs. I think if every student at these universities was offered the ability to either get the vaccine or pay $5, not only would we not be here, I think the vaccination members might be different. So this in and of itself, strict scrutiny should apply because what was provided by the university was not just pay $5 or today's equivalent, which was again in Roman Catholic Diocese, $140. What was provided here was, in particular to this case, Ms. Kluett was unable to play Division I sports. She had to go to remote learning, was not able to enjoy the in-person learning that everybody else was. She wasn't able to enjoy the benefits of being on campus, and there were financial losses as well. Additionally, Jacobson, and there seems to be no authority, no case law out there other than the Klassen case, which again has not essentially survived the Seventh Circuit because there was no standing, that a university in and of itself could make these policies. Every challenge to these that has failed, according to Jacobson, prior to the Klassen case was a challenge to the legislature enacting these vaccination policies. That's time. Okay, further questions? Thank you. Thank you. Thank you, sir. Please mute your camera and thank you. Attorney Weitzel, please go ahead and introduce yourself on the record to begin. Good afternoon. May it please the court, Richard Weitzel, on behalf of the University of Massachusetts Appellees. I wanted to just start where Judge Celia started, which is that we do believe that there is a very significant moodness issue that's emerging in this case, as Judge Celia has laid out, which is that one of the two plaintiffs is no longer at the university. There's no indication that he's returning to the university, and the other plaintiff will be graduating, is on track to graduate on May 27th, so in a matter of weeks. It is absolutely true that this complaint only seeks prospective relief. There's no claim for damages. To Attorney McLean's point that somehow this can be saved for moodness because of a claim for attorney's fees, that's just to the law. It's contrary to the Supreme Court's holding in Lewis v. Continental Bank Corporation, where the court said the interest in attorney's fees, this is in the context of its Section 1983 claim, parenthetically. The interest in attorney's fees is, of course, insufficient to create an interest. This court cited that holding in making an identical ruling in Davidson v. Howe, put note 7 of that case. What about any other relief? Would that include nominal relief, and is that enough to save the claim? Your Honor, nominal relief? Nominal damages. That's certainly not claimed in this complaint. Does it have to be? Is any other relief enough to include that or not? First of all, I don't think it's enough to just claim broadly any other relief. I think in a case like this, if you're going to go to the profound step of claiming damages against these defendants, I think it needs to be stated. But there's also, as the court may recognize, there's also a significant Eleventh Amendment issue here. If he does have damages, yeah. Which would really preclude damages to these plaintiffs, excuse me, to these defendants who are sued in their official capacity for official acts. So I think the bottom line is, yes, well, the bottom line is this complaint as pled, which has now been dismissed and which is now up with this court, there's, you know, in a matter of weeks, there will be no prospective relief that can be granted that the plaintiffs will have a stake in. We haven't affirmatively raised the mootness point simply because Ms. Kluette has not yet graduated, but it is certainly our... It would be well if you could advise us with a copy to your co-counsel whether or not Ms. Kluette actually does graduate on May 27. Yes, absolutely, Your Honor. We will do that, and that was going to be our intention to advise the court on the status in a few weeks. Yes, Your Honor. So I don't have anything else to say on that point, Your Honor. I, on the, you know, the first claim in this case, which is the substantive due process claim, this, that type of claim in the context of a vaccine mandate has been rejected over and over again. Those decisions follow a very consistent trend, which is the courts have uniformly found that there's no fundamental right to be free from vaccination, and that really goes back to Jake, the Supreme Court's decisions in Jacobson and Zucked, and I think Judge Easterbrook probably said it best just recently in the Klassen case, which involves Indiana University, but his point was, you know, how can you possibly say that there's a fundamental right invoked in this type of vaccination context where you have Jacobson, which is 120 years old, you have literally centuries of states imposing vaccine mandates, and it's just simply not the case that, you know, freedom from vaccination is ingrained in the country's history and traditions. So, what that leaves on the substantive due process claim is rational basis scrutiny, because there is no fundamental right, and again, I won't go into too much depth, but rational basis scrutiny in this type of case, I think, can be, the existence of a rational basis can be easily found as a matter of law on a Rule 12b6 motion, because ultimately, UMass only needs to articulate some reasonably conceivable state of facts that would provide a rational basis for the action, and there doesn't have to be a strict evidentiary basis for that. So, as Judge Casper ruled, certainly UMass has a plausible justification and a sound rationale for requiring that the students... Here's what your problem is, counsel. This complaint may be subject to dismissal, because it doesn't plausibly state a claim, but if it's not dismissed for that reason, and we consider the full record that Judge Casper considered, the supplementary material does articulate a sincerely held, or what is professed to be, a sincerely held claim to a particularized religious belief, I think it articulates it in a manner that's adequate to survive a motion to dismiss, because there's no question, the university here has never questioned, or didn't question at the time, the sincerity of that belief. It seemed to say that she wasn't entitled to that belief, and went off on what the beliefs of the Roman Catholic Church were, which on this issue, the plaintiff has said, aren't her beliefs. That's the problem I've got with your argument. I mean, you may win just on the basis of the complaint alone, but if we start looking at the supplemental materials, I think there's a real issue. Well, your honor, I disagree with that, because I think the supplemental materials make it very clear that what the university... If you don't mind, before you get into it, I do want to hear you about something. Could you just address the threshold question? Are you arguing to us that we should not consider the supplemental materials, or are you not arguing that? Your honor, what we pointed out in our brief is that when Judge Casper below turned to the free exercise claim, her analysis, it seemed to us, was constrained to the allegations in the complaint, and sort of the wording of the approach, because that's sort of how the district court looked at it. We do think the significance of the fact that your answer to the complaint included the exhibits. I'm sorry? What is your answer to your opponent's contention that because the answer to the complaint contained the exhibits, they should be understood as integrated into the complaint for purposes of evaluating the motion to dismiss? Well, the defendants here did not answer the complaint. But no, but the objections of the motion to dismiss incorporated and delivered those exhibits. Well, the defendants here filed a joint memorandum. We filed a separate motion to dismiss, and then a joint memorandum in support of that motion to dismiss, and our opposition to the preliminary injunction motion. Your position is that that and that separate opposition to the motion to dismiss did not include the exhibits? No, I mean the exhibits and the affidavits were submitted in connection with our opposition to the motion for preliminary injunction. And not in connection, was there a separate opposition to the motion to dismiss that did not include the exhibits? Well, as far as the motion to dismiss, there was our motion, which was a freestanding motion. I'm sorry, your motion to dismiss, I apologize, I got confused. In your motion to dismiss, you did not include any of the exhibits? No, no, we had a motion to dismiss, and then we did have a joint memorandum. And the motion to dismiss was based just on the allegations in the complaint, which you contended were insufficient? Yes, yes. And if we dismiss the complaint based only on the allegations, that moots the discussion of the preliminary injunction, correct? Yeah, I think the preliminary injunction motion is already moot. Well, I know you say that, but if we didn't agree with you on that, it would be moot if we affirm the dismissal of the complaint. Yes, yes, yes. I'm going back to Judge Selye's question. Your Honor, I respectfully disagree that it's by any means clear that, well, I guess what I would say is, I think you look at the supplementary materials, what you see is that what the university is looking at is whether there's a sincerely held religious belief maintained by Ms. Clouette. So I think the analysis or evaluation that was done by the university was always under the umbrella of, is this a sincerely held religious belief? And I don't think at any point in time did the material suggest that there was a departure from that analysis. And as Chief Justice Barron said, when you, well, alluded to, the question of sincerity is certainly a completely legitimate one, and there may be some overlap as far as looking at what are the tenets of the actual religion that's being invoked and so forth. So it's not always a clean distinction. But I do want to step, if I could take one step back, and this is certainly a point we made in our brief, I think the court needs to be focused on the fact that there's no constitutional right to this exemption in the first place. So, and I say that based on this court's ruling in the Doe's 1-6 case, a number of other circuits have held that. Why does that matter to this question? Well, I think it matters, Your Honor, as far as, it's our position that it's not enough for Ms. Kluet to plead, I have a sincerely held religious belief, and the university nonetheless denied my exemption, because— I value the complaint, but if you're taking the exhibits and, like, why do, the purpose of evaluating whether the exhibits, if they were all included in the complaint, whether they tell a story sufficient to get to discovery about whether what they were engaged in was not a legitimate question for sincerity, but essentially questioning whether somebody would be entitled to it, even if they had a sincere belief that it departed from the traditional orthodoxy of the church. Well, I guess, Your Honor, I understand your question. I think I'm, what I'm distinguishing is a claim, even based on the supplemental materials, but a claim which says the university, you know, may have looked at the right things but reached the wrong outcome here because I really did have a sincerely held religious belief. I think that that's not a constitutional claim. As Judge Casper said, you might have a constitutional claim if you can show that the university administered the exemption in an unconstitutional way, such as favoring one that someone be a member of a recognized church or established church. But on 12b-6, assuming the exhibits are part of the complaint, why wouldn't that be at least open enough to interpretation, either way, that the claim can go forward? Maybe a jury ultimately would decide all that was being decided was, you know, one way or was what you say. They were just deciding how to administer it, not favoring one or another. But isn't there enough in the record to permit one to conclude that what was going on is that they were saying your belief is not good enough. It's got to be a traditional religious belief. Your Honor, I would say there's not enough in the record because, again, it's if you look at this documentary chain, it's all under, again, it's all under the rubric of sincerity. Is there a sincerely held religious belief? It's clear that the university is undertaking that inquiry. And that being the case, I don't think there's anything objectionable from a First Amendment standpoint to considering what the university did. Even looking at, you know, what are the public statements from the church on this? I don't think that's from a sincerity standpoint. I don't think that is constitutionally sufficient to state a claim. Any further questions from the panel? No. No, thank you. That concludes the arguments for today. This session of the Honorable United States Court of Appeals is now recessed until the next session of the court. God save the United States of America and this honorable court. Counsel, you may disconnect from the meeting.